**COMP**
DAVID A. TANNER, Esq.
Nevada Bar No. 8282
**TANNER LAW FIRM**
9555 S. Eastern Ave., Suite 270
Las Vegas, NV 89123
Telephone (702) 987-8888
Facsimile (702) 410-8070
david@tannerlawfirm.com

Attorneys for Plaintiffs

**UNITED STATE DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JENNIFER MORENO and FRANCISCO MORENO,<br><br>Plaintiffs,<br><br>vs.<br><br>NEVADA BEVERAGE CO., a Nevada corporation; and UNITED STATES OF AMERICA,<br><br>Defendants. | CASE NO. 2:12-cv-00126<br><br>**COMPLAINT** |

**COMPLAINT**

COMES NOW, Plaintiffs, JENNIFER MORENO and FRANCISCO MORENO, and complain and allege against Defendants, and each of them, as follows:

**JURISDICTION**

1. This action is brought to remedy a slip and fall case occurring at the Nellis Air Force Base Shoppette ("Shoppette"). This claim is against the United States Government as the entity that owned, managed, and operated the Shoppette, and Nevada Beverage Co., which owned, maintained, and operated the floor-to-ceiling coolers located within the Shoppette.

2. This case is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680. This Court is vested with jurisdiction pursuant to 28 U.S.C. § 1346.

3. Venue herein is properly in this District pursuant to 28 U.S.C. §1402 because Plaintiffs reside in Clark County, Nevada and the incident giving rise to this claim occurred in Clark County, Nevada.

4. This Court has supplemental jurisdiction over the claims in this action arising under the laws of the State of Nevada pursuant to 28 U.S.C. §1367 and the principles of pendent jurisdiction.

## PROCEDURAL REQUIREMENTS

5. Prior to filing this lawsuit, Plaintiffs made a demand on the United States of America, which was denied on January 5, 2012. This lawsuit is filed within six months of that denial. Plaintiff has satisfied all administrative and jurisdictional requirements necessary to maintain this lawsuit, pursuant to 28 U.S.C. §2675.

## THE PARTIES

6. All acts alleged herein occurred in Clark County, Nevada.

7. At all times relevant herein, Plaintiffs, JENNIFER and FRANCISCO MORENO, are and were residents of Clark County and are husband and wife.

8. At all times relevant herein, Defendant, UNITED STATES OF AMERICA, is and was a governmental entity.

9. At all times relevant herein, Defendant, NEVADA BEVERAGE CO., is and was a Nevada corporation organizing and existing under the laws of the state of Nevada.

## GENERAL ALLEGATIONS

10. On or about August 28, 2010, Plaintiff, Jennifer Moreno was legally on the property of the Shoppette.

11. At all times relevant herein, the Defendants were the owners, managers, maintainers, inspectors, supervisors, or controllers of the premises and common areas generally known as the Shoppette located at the Nellis Air Force Base.

12.     Plaintiffs believe that at all times relevant herein, Nevada Beverage Company owned and operated the large beverage coolers located along the wall at the Shoppette and that it was responsible for maintaining, servicing, and repairing the coolers.

13.     Plaintiffs believe that at the time of this incident, one of the coolers was malfunctioning or broken and had been leaking a clear liquid on to the floor for an extended period of time.

14.     Instead of warning patrons of the liquid spill or the malfunctioning cooler, the Defendants instead placed a dark-colored towel underneath the cooler. This towel, however, was insufficient to capture all of the leaking liquid and some liquid leaked onto the floor.

15.     Further, Defendants did not timely fix the broken or malfunctioning cooler so that it continued to leak liquid onto the floor.

16.     Plaintiffs believe that the Defendants had a policy to timely notify each other of leaking, malfunctioning, or broken coolers, and to timely repair any such coolers.

17.     Plaintiffs believe that the Defendants had a policy to immediately rectify a leak or spill, to immediately notify patrons of the leak or spill, and to timely repair a broken or malfunctioning cooler.

18.     Plaintiffs believe that Defendants have a policy that all liquid on the floor must either be cleaned up and warnings be used to ensure patrons, such as Plaintiff, are not harmed.

19.     Plaintiffs believe that the Defendants had a policy to ensure that customer safety was the first priority.

20.     Plaintiffs believe that the Defendants understand that leaking or spilled liquid on a floor is a hazardous condition and can lead to a patron being injured.

21.     The liquid leaking from the cooler was an unknown and unforeseen hazard to patrons, such as Plaintiff.

22.     While a patron at the Shoppette, Plaintiff, Jennifer Moreno, encountered an unknown and unforeseen liquid on the floor causing her to slip and fall, proximately causing severe and debilitating injuries to her.

23. Defendants, by not removing the liquid from the floor and by not placing warnings where the liquid was located, violated their safety policies and standards.

24. On or about August 8, 2010, Defendants, and each of them, negligently failed to maintain, manage, inspect, supervise, control, and repair the premises and the coolers and further failed to warn Plaintiff of hazards which resulted in Plaintiff's injuries.

**FIRST CAUSE OF ACTION**
**(Negligence)**

25. Plaintiffs hereby incorporate the allegations set forth above in paragraphs 1 through 24 as though fully set forth herein.

26. Defendants had a duty to maintain, manage, inspect, supervise, control, and repair the premises and the coolers to ensure that no hazards existed that could harm a patron.

27. As more fully set forth above, Defendants breached these duties, which breach proximately caused harm to Plaintiff.

28. As a result of Defendants' conduct, Plaintiff has suffered damages, and Plaintiff is entitled to damages in excess of $10,000.

29. As a result of Defendants' conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorneys' fees and costs.

30. Defendants have acted willfully and maliciously, and with oppression, fraud, or malice and, as a result of Defendants' wrongful conduct, Plaintiff is entitled to an award of exemplary of punitive damages against Nevada Beverage Co. only.

**SECOND CAUSE OF ACTION**
**(Loss of Consortium)**

31. Plaintiffs hereby incorporate the allegations set forth above in paragraphs 1 through 30 as though fully set forth herein.

32. At all times mentioned herein, Plaintiffs were and still are husband and wife.

33. Plaintiff, FRANCISCO MORENO, as the lawful husband of the Plaintiff, JENNIFER MORENO, was and is entitled to the society, comfort, affection, services, companionship, and consortium of his wife.

34. As a direct and proximate result of the incident herein described and the careless, negligent, and reckless acts and omissions of Defendants, Plaintiff, FRANCISCO MORENO, has been denied the society, comfort, affection, services, companionship, and consortium of his wife, all to his damages in an amount in excess of $10,000.00.

WHEREFORE, Plaintiffs pray judgment of this Court against the Defendants in this action, as follows:

1. General damages in an amount in excess of $10,000.00;
2. Special damages in an amount in excess of $10,000.00;
3. Punitive or exemplary damages (against Nevada Beverage Co. only);
4. Costs of suit and attorneys' fees;
5. For judgment for interest (pre-judgment interest against Nevada Beverage Co. only); and
6. For such other and further relief as is just and proper.

Dated this 23 date of January, 2012.

By: ______________________

David A. Tanner, Esq.
Nevada Bar No. 8282
TANNER LAW FIRM
9555 S. Eastern Ave., Suite 270
Las Vegas, NV 89123
Telephone (702) 987-8888
Facsimile (702) 410-8070
david@tannerlawfirm.com

Attorney for Plaintiffs